May Term,
1835.

DICKERSON *v.* HAYS.

DICKERSON
v.
HAYS.

If a good cause of action be stated in the declaration, though it be defectively stated, a general verdict for the plaintiff cures the defect. *Aliter*, if the declaration contain no valid cause of action.

An award in the plaintiff's favour cures the same defects in the declaration, which would be cured by a verdict.

The want of notice of the time and place of the meeting of the arbitrators is no objection to an award, provided the party appeared and was heard before the arbitrators.

The arbitrators to whom a cause pending in the Circuit Court is referred need not be sworn.

In the case of such a reference, the award must be filed, approved of by the Court, and recorded, and a *scire facias* be issued, &c. before the rendition of judgment on the award.

*Friday,*
*May 29.*

ERROR to the *Hancock* Circuit Court.

STEVENS, J.—*Hays* declared against *Dickerson* in an action of trespass on the case upon promises. Plea, non-assumpsit, and issue joined to the country. After the issue was joined, it was ordered by the Court, by and with the consent of the parties, that the matters in difference in the said cause, be submitted to the final arbitrament and award of *Bethuel F. Morris, Thomas Tyner,* and *William Quarles,* who should make their award during that term of the Court; that the award should be made the judgment of the Court; and that the parties should waive all formality as to notice or rule. On the same day the arbitrators made their award under their hands and seals in favour of the plaintiff, returned it into Court, and judgment was rendered by the Court upon it.

The record shows that the parties and their attorneys were present before the arbitrators when they made their award, and submitted their evidence and statements to them for their determination; but it is not shown that the parties were present when the award was returned into Court, or when the judgment was rendered upon it by the Court.

To the judgment and proceedings in this cause several objections are raised.

The first error alleged is, that the declaration is defective in the allegations respecting both the contract and the consideration. This objection, if it had been taken at the proper time and in the proper manner, would have prevailed. The declaration as to these statements is uncertain and defective, but the

objection to them comes too late; the insufficiencies are all such as are cured by a general verdict. The doctrine is now settled, that if there is a cause of action stated, although it may be ambiguously, inaccurately, and defectively stated, yet a general verdict cures the defects; because it will be presumed that all circumstances, both in form and substance, necessary to complete the cause of action thus defectively stated, were proved at the trial. But where there is no cause of action stated, as in cases of this kind, if the contract or the consideration be entirely omitted, the omission is not cured; for the party could not be allowed to prove that which he had entirely omitted to state, and therefore no presumption in his favour could arise. In this case there is a contract and consideration both stated; and the presumption arises that the deficiencies of the allegations were helped out by the proof. It is true that there was no verdict of a jury in this case; but there is that which makes a stronger case in favour of the declaration than a verdict of a jury would make. No objection whatever was made to the declaration, but an issue was joined to the country on the plea of non-assumpsit, and the matters in dispute in the cause of action referred to arbitrators, who brought in a general award in favour of the plaintiff.

There are several other objections raised to the declaration, some of which, if they had been taken at the proper time and in a proper manner, might have been available; but as it is they come too late.

The next errors assigned are in reference to the arbitration, award, and judgment. They are,—that the arbitrators were not chosen either in Court or out of Court by bond and submission; and that there was neither time nor place fixed for their meeting, nor notice given of the time and place at which they did meet. No error as to these particulars exists. The arbitrators were chosen in open Court, and a rule of reference entered, the form and substance of which are sufficient. 1 Blackf. 433, appendix. And the record shows that the award was made and returned into Court during the same term, and that the parties both in their own proper persons and by their attorneys appeared before the arbitrators and introduced their evidence, &c. The object of notice of the time and place of meeting was attained by some means; the parties appeared and were heard, and that cured all error as to that notice.

May Term,
1835.

DICKERSON.
v.
HAYS.

Many other exceptions are taken to the award, and the proceedings upon the reference and award, &c.; none of which are even plausible except the following:—

The record does not show that the arbitrators were sworn. In support of this objection the case of *Jacobs* v. *Moffatt*, decided by this Court at their *May* term, 1834, is relied on. That case will not sustain the position assumed. The Court in that case says expressly that the question is not decided. In the case of *Jacobs* v. *Moffatt*, the Court noticed the fact respecting the oath, simply for the purpose of showing, that our statute regulating arbitrations in the Circuit Court, like the *English* act of the 9 and 10 Will. 3, requires no oath. And the Court in that case said, that if an oath were necessary, it need not appear upon the record, that it could be proven *aliunde*, unless the statute required it to appear of record. That case leaves the question open, although a strong intimation is given that no oath is necessary. At common law no oath is required; the statute requires none, and therefore we think that an oath is unnecessary.

The next and last objection which we shall notice, is, that the defendant against whom the award was rendered, had no day allowed him in Court after the report of the award, but that final judgment was rendered on it without a *scire facias*, &c. This objection must prevail. The judgment in this case cannot be sustained by either the *English* practice at common law, or under their statute, nor by our practice or our statute.

The *English* practice is this: At common law, where a cause is depending, the submission may be made a rule of Court before the trial, or even after it has commenced, by order of *nisi prius;* and in such cases the non-performance of the award is a contempt of the Court, and obedience will be enforced by attachment. This interposition of the Court is not, however, a matter of course. In order to proceed by attachment, the award must be filed and a copy served on the opposite party, and a demand made of him to perform the award. After thus serving a copy of the award, and after such demand and refusal, the Court will, on proof of these facts by affidavit, grant a rule for an attachment *nisi*, which will afterwards be made absolute, on affidavit of due service of the rule, if no sufficient cause be shown to the contrary. This common law practice is not interfered with in *England* by

their statute of 9 and 10 Will. 3. That statute simply extends, under certain rules, restrictions, and proceedings, the same privileges to parties out of Court, where no suit has been commenced. Lord *Mansfield* held that the act was only declaratory of what the law previously was, in cases where there was a suit pending in Court, and extended it to cases where there was no suit brought.

In *England* in all cases of reference, whether at common law in cases where a suit is pending, or under the statute in cases where no suit is brought, if either party neglect to perform the award, recourse may be had to an action upon the submission or the award; or the party may proceed to have a performance enforced by attachment. But neither at common law, nor under the statute, can an attachment issue, until after the award is filed, a copy served, a demand and refusal of performance made, &c.; all of which must be proved to the Court by affidavit, and the rule for an attachment is then only *nisi*, &c. at first.

In this country, under our statute and practice, the proceedings are in some particulars different from the *English* practice. In *England*, neither at common law nor under their statute, can the Court render a judgment on an award; but they may, if proceedings for that purpose be had, enforce a performance by an attachment; but under our statute and practice, the performance of an award is never enforced by attachment. If the party do not choose to have recourse to an action on the submission or the award, he may, if the award is for the payment of money, take proceedings to have a performance enforced by rendering a judgment in the proper Court against the party for the amount of the award; on which judgment, the various writs of execution may issue as on any other judgments. Our statute provides for the rendition of judgments upon awards in cases of reference, where there is no suit pending as well as in cases where there is; but the proceedings in the two cases are in many particulars different.

In cases like the present, where the reference is by a rule of Court of a suit pending, it is expressly required that the award or report shall be made according to the submission, be approved of by the Court, and entered upon their records, and then it shall have the same effect, and be deemed and taken to be as available in law, as a verdict given by twelve men;

on which the Court shall render judgment, on *scire facias*, for the recovery thereof, &c. The act also provides that in all cases of reference, whether made by rule of Court in a cause pending, or otherwise, either party shall be at liberty to introduce evidence to either substantiate or invalidate the award, &c. From these enactments it clearly appears, that the legislature intended that the parties should have a day in Court after the award is made and returned; and in cases of reference by a rule of Court where a cause is pending, the party shall be brought in to show cause, &c., by a writ of *scire facias*, &c. This is a very wise and salutary provision. Arbitrators although chosen by the parties, and put in their place and stead to act for them, as agents with full powers, are yet mere men, and are subject to the like weakness, infirmities, and passions that other men are; and sitting as they do without any third and disinterested tribunal to watch over them, advise, counsel, and instruct them, they are liable to commit errors, to make mistakes, to misunderstand, and even to be corrupted. If their awards were made absolute and final, without giving the parties a day to be heard, &c., the most palpable injustice would often be done. The subtle and crafty knave could often accomplish his fraudulent designs and tricks, by alluring his honest, uninformed, and unsuspicious adversary into an arbitration.

The terms of the contract in these cases settle the question without any difficulty. What is the contract the parties enter into under a rule of reference like the present? It is, that the Court shall render judgment for the amount which shall be awarded, or in other words, that the party against whom the award is rendered will confess judgment for the amount. The parties do not bind themselves to pay down the money. A performance then of the contract in the submission is a confession of judgment for the amount awarded. If the party should not do that, and the other should wish to enforce a performance, he must file the award, have it approved by the Court, recorded, and issue a writ of *scire facias*, &c. In this case, the record does not show that the award was filed or that the Court approved of it, or that it was recorded; nor does the record show that any *scire facias* issued, or that the party was present at the rendition of the judgment. If the record showed that the party was present when the judgment was render-

ed, this Court would perhaps, under the circumstances, presume that he confessed, unless it were shown that he objected to the proceedings (1).

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the report of the arbitrators set aside, with costs. Cause remanded, &c.

*J. H. Scott*, for the plaintiff.
*C. Fletcher*, for the defendant.

(1) For the *Indiana* statute on arbitrations, referred to in the text, see Rev. Code, 1831, p. 72. The act of 1838 is the same with that of 1831. Rev. Stat. 1838, p. 69.