No. 11,575.

## EBERHART v. REISTER.

PLEADING.—*Negligence.*—*Arrest of Judgment.*—A complaint to recover for an injury from a vicious animal, which fails to show that the plaintiff was free from fault, is bad on motion in arrest of judgment.

SAME.—Where a complaint fails entirely to aver a fact essential to the plaintiff's right of recovery, and contains nothing from which that fact might be inferred by liberal intendment, the judgment should be arrested.

From the Gibson Circuit Court.

*W. M. Land* and *J. B. Gamble*, for appellant.
*C. A. Buskirk* and *W. L. Smith*, for appellee.

ELLIOTT, C. J.—The complaint of the appellee alleges that " the defendant wrongfully and injuriously did keep a dog-of a savage and ferocious nature, he, the defendant, knowing that said dog was accustomed to bite mankind," and that it did bite and injure the appellee. There is no allegation in the complaint that the plaintiff was without fault, nor are there any facts from which it can be inferred that she was not guilty of contributory negligence, and it is contended, that for the want of the averment that the plaintiff was without fault, and because of the absence of facts from which that conclusion may be inferred, the pleading is bad on the motion in arrest of judgment.

Controlled by the ruling in *Williams* v. *Moray*, 74 Ind. 25 (39 Am. R. 76), we must hold that it is necessary for a plaintiff, in an action to recover for injuries caused by the bite of a vicious dog, to prove that he was free from contributory negligence. So, too, does that case require it to be held, that where a complaint to recover for injuries inflicted by a vicious animal fails to show that the plaintiff was without fault, it is bad on demurrer. But the question of the sufficiency of the complaint was not tested by demurrer, and many defects which a demurrer would reach are cured by a verdict. *Jones* v. *White*, 90 Ind. 255; *Martin* v. *Holland*, 87 Ind. 105; *Puett* v. *Beard*, 86 Ind. 104; *Jenkins* v. *Rice*, 84 Ind. 342; *Parker* v. *Clayton*, 72 Ind. 307; *Shimer* v. *Bronnenburg*, 18 Ind. 363.

There are defects in pleadings which a verdict will not cure. Where there is a material fact lacking, the pleading is not cured by the verdict, unless it states other facts from which, by liberal intendment, the omitted fact can be supplied. Where there are no allegations touching the subject, then there are no grounds which will support an inference, or which will supply reasons for an intendment, that the omitted fact was proved. Facts not alleged, and which are

not implied in or inferable from those which are alleged, can not be presumed to exist, nor can it be presumed that they were proved to the jury. Gould Pl., ch. 10, section 12. The rule is somewhat more broadly stated in an early English work, but it is not supported by authority. In commenting upon the statement of the rule of which we have spoken a recent writer remarks: "But this language is too broad, for it has always been limited, both in England and the United States, to cases where the plaintiff had stated his cause of action defectively or inaccurately, and has never been held to apply where there had been a total omission to state it—where the statement of some fact essential to the cause of action had been wholly omitted." Bliss Code Pl., section 438. Our cases lay down the rule that where an independent fact essential to the cause of action is omitted, the pleading will be bad on a motion in arrest. *Dickerson* v. *Hays*, 4 Blackf. 44; *McMillen* v. *Terrell*, 23 Ind. 163; *Pierse* v. *Thornton*, 44 Ind. 235; *Sharpe* v. *Clifford*, 44 Ind. 346; *Heddens* v. *Younglove, Massey & Co.*, 46 Ind. 212; *Newman* v. *Perrill*, 73 Ind. 153.

A fact essential to the appellee's cause is that she was free from fault, and upon this subject there is no allegation at all in the complaint; for all the facts stated in it relate to the negligence of the appellant. There are, therefore, no facts from which it can be inferred that she was not guilty of contributory negligence. There is absolutely nothing upon that subject, and, of course, nothing that will supply grounds for an intendment. If there were any facts at all bearing upon that subject, then a liberal intendment would be indulged, but without some grounds intendment is legally impossible. Facts constituting negligence on the part of the defendant do not necessarily show that the plaintiff was without fault. *Wabash, etc., R. W. Co.* v. *Johnson, ante*, p. 40. There may be cases where in stating the facts constituting the defendant's negligence, the plaintiff's freedom from negligence is made to appear, but the present case does not belong to that class. The facts stated in the complaint before us bear en-

tircly upon the negligence of the defendant. For anything that appears, or for aught that by the most liberal intendment can be inferred, the plaintiff's own negligence was the direct cause of her injury.

The mistake of the pleader in this case was not the omission to state a " particular circumstance " or a minor fact, but it was the omission to state a general fact essential to his cause of action. It is true that the appellee could not have recovered without proving that she was not guilty of contributory negligence; but it does not follow that because of this the verdict makes the complaint good. A plaintiff can not recover without proving negligence on the part of the defendant, and surely no one would contend that a complaint utterly silent as to the defendant's negligence would be good after verdict. It will not do to argue, as does the appellee, that because a fact must be proved, to entitle the plaintiff to a recovery, therefore the verdict aids the complaint. There is a glaring fallacy in such a course of reasoning. Counsel's quotation from Blackstone does not sustain their contention, for the author was speaking of inaccuracies in pleading minor facts or circumstances, and was not, in the clause quoted, speaking of the omission to plead independent facts essential to the right of action. The language quoted, taken in connection with what precedes and follows it, will not bear the meaning annexed to it by counsel. To make good our assertion we need quote only a single sentence: " But if the thing omitted be essential to the action or defence, as if the plaintiff does not merely state his title in a defective manner, but sets forth a title that is totally defective in itself, or if to an action of debt the defendant pleads not guilty instead of *nil debet*, these can not be cured by a verdict for the plaintiff in the first case, or for the defendant in the second." 2 Chitty's Blackstone, p. 304.

Minor facts may sometimes be involved in principal ones, but a principal and independent fact can not, as a general rule,

be contained in any other in such a sense as to dispense with its statement in pleading; at all events, it can not be held that where there is no more than a charge of negligence against the defendant, a verdict will cure an omission to show, in some form, that the plaintiff was free from contributory negligence.    Judgment reversed.

Filed June 26, 1884.