Filed March 15, 1892.

---

No. 43.

## The Cincinnati, Wabash and Michigan Railway Company *v.* Stanley.

ARREST OF JUDGMENT.—*Action Originating Before Justice.—Complaint.— Killing of Animals.—Absence of Averment as to Contributory Negligence.— Railroad.*—In a common law action commenced before a justice of the peace against a railroad company for negligence in killing the plaintiff's mule, the complaint will be held defective when attacked by a motion in arrest of judgment, when it contains no averment that the killing complained of was without the contributory fault or negligence of the plaintiff. While the same strictness of pleading is not required in cases originating before a justice of the peace as in those commenced in the circuit court, still, where there is a failure in an action instituted before a justice to plead some independent fact essential to a recovery, the omission is fatal, even on a motion in arrest of judgment.

From the Madison Circuit Court.

*C. E. Cowgill, H. B. Shiveley* and *E. E. Cowgill,* for appellant.

*W. A. Kittinger* and *L. M. Schwinn,* for appellee.

REINHARD, J.—This was a common law action by the appellee against the appellant for negligence in killing the appellee's mule, alleged to be of the value of $150. The cause was commenced before a justice of the peace, and was

The Cincinnati, Wabash and Michigan Railway Company v. Stanley.

from there appealed to the court below, where it was tried by a jury, and there was a verdict and judgment in favor of the appellee. Motions for a new trial and in arrest of judment were overruled. Errors are assigned in this court as follows:

1. The complaint does not state facts sufficient to constitute a cause of action.

2. The court erred in overruling the motion for a new trial.

3. The court erred in overruling the motion in arrest of judgment.

Under the first and third specifications of error it is proper to consider the sufficiency of the complaint, which is as follows, omitting the caption:

"Andrew Stanley complains of the Cincinnati, Wabash and Michigan Railroad, a corporation organized under the laws of the State of Indiana, and says that on the 3d day of November, 1887, and for many days prior thereto, said corporation did negligently maintain a fence and cattle guard on and along the north side of Lake street, at the point where defendant's said railroad crosses Lake street, in the corporate village of Summitville, Madison county, Indiana; that a fence was maintained on the east and west sides of defendant's said railroad track for a distance of four hundred feet to a point where the said track intersects with the commons or unenclosed lands of the corporate village aforesaid; that by the negligent maintenance of the fences, as aforesaid, plaintiff's mule was permitted to wander upon the right of way of the defendant; that the negligent erection and maintenance of the fence and cattle guard at the south end of the lands thus enclosed, at the point where defendant's said railroad crosses Lake street, in the village aforesaid, prevented the escape of plaintiff's mule therefrom, and by the negligent and careless management of defendant's train by the servants of the said railroad, and by the neglinent maintenance of the fences and cattle guards, as afore-

said, plaintiff's mule, of the value of one hundred and fifty dollars ($150), was on the 3d day of November, 1887, run over by defendant's train, and then and there and thereby killed, to the plaintiff's damage, one hundred and fifty dollars. Wherefore," etc.

It will be seen from the complaint that it contains no averment that the killing complained of was without the contributory fault or negligence of the plaintiff. Ordinarily, in actions of this character, the complaint must aver the plaintiff's freedom from fault in direct terms, unless the same appears sufficiently from the facts pleaded. *Jeffersonville, etc., R. R. Co.* v. *Lyon,* 55 Ind. 477; *Pittsburgh, etc., R. R. Co.* v. *Noel,* 77 Ind. 110. The same principle runs through the following cases: *Eberhart* v. *Reister,* 96 Ind. 478; *New Albany, etc., R. W. Co.* v. *Lockbridge,* 93 Ind. 191; *Cincinnati, etc., R. R. Co.* v. *Butler,* 103 Ind. .31; *Pennsylvania Co.* v. *Marion,* 104 Ind. 239; *Brannen* v. *Kokomo, etc., G. R. Co.,* 115 Ind. 115.

The complaint will be held insufficient even though there was no demurrer, and the attack was by motion in arrest only. *Eberhart* v. *Reister, supra.*

The appellee's counsel contend, however; that, as the cause originated before a justice of the peace where the same strictness of pleading is not applied as in the circuit court, a different rule must obtain, and the complaint should be regarded as sufficient. Upon this subject we' can but repeat what we said in our opinion upon a former hearing of this cause :

It is undoubtedly true that great liberality is indulged in support of complaints in cases originating before a justice of the peace. In such cases it has been long and frequently held that where the complaint contains sufficient substance to apprise the adverse party of the nature of the demand, and is such that a judgment thereon will bar another action for the same thing, it will be held sufficient whether the ob-

jection be raised by demurrer or on motion in arrest of judgment. See *Milhollin* v. *Fuller*, 1 Ind. App. 58.

But where there is a failure to plead some independent fact which is essential to a recovery, or to the statement of a substantial cause of action, the omission is fatal, even on a motion in arrest. The principle has been applied by our Supreme Court more especially to complaints in actions for negligence. *Eberhart* v. *Reister, supra.* In the application of this rule we confess our inability to see any distinction between cases that originated before justices of the peace, where the complaint was attacked directly by demurrer or other motion, or indirectly by a motion in arrest, and cases commenced in the circuit or superior courts, where the sufficiency of the complaint was not questioned until after verdict, and then only by a motion in arrest or by assignment of error on appeal that the complaint does not state facts sufficient to constitute a cause of action. We think, if the action was commenced before a justice of the peace, the complaint will be held sufficient, no matter how crude or inartistically drawn, if it contain enough substance to bar another action, and a sufficient statement of the elemental facts which are necessary to make out a cause of action. It makes no difference how the complaint is tested, whether by demurrer, motion in arrest, or in whatever other manner. If the case originated in the circuit or superior court, and the complaint is not attacked until after verdict, the same rule will apply to it. The verdict will cure all defects in averments except those which are essential to the foundation of the cause of action itself. It is otherwise if the complaint is there attacked by demurrer. The averment in a complaint for negligence that the plaintiff was free from fault, is so essential and fundamental to the cause of action that its omission will render the complaint bad on a *motion in arrest* of judgment, whether the action be commenced in the circuit or superior courts, or before a justice of the peace. In the case under consideration it is not a question of whether

the averment is a sufficiently direct charge of a fact. The objection is that there is no fact pleaded whatever from which any inference can be drawn that there was freedom from fault upon the part of the appellee. It is not shown in the complaint how or where the mule entered upon the track; whether it was driven on by the owner or strayed there from some open place where the plaintiff permitted it to run; whether it went onto the track at a point at which it was not fenced, though required to be so by law, or in what way it came to be there. All the averments in the complaint have reference to the conduct of the defendant only, and not to that of the plaintiff, in connection with the killing. It is said by a recent writer upon this subject: "A large proportion of the cases on this subject are brought originally before justices of the peace. Procedure before these officers is regulated by the statutes of the respective States. But points concerning that procedure occasionally arise which deserve mention here, being in their nature dependent upon general principles of pleading and procedure. The complaint or statement filed with the justice, though not subject to the technical rules of pleading, must set forth a substantial cause of action." Thomp. Neg. p. 511. There can be no less necessity for requiring these elements, which are essential to every cause of action, to be set out in a complaint before a justice of the peace than there is for holding them necessary in such a pleading in the circuit court. In either court there must be a substantial cause of action stated as the very foundation stone upon which rests the jurisdiction of the court itself. No rules of intendment can be invoked that will dispense with this necessity. If the essential elements are present in the complaint, then the rules of intendment can be applied after verdict. All other defects, such as would have rendered the complaint obnoxious to a demurrer in the circuit court, will be cured by the verdict. In justices' courts the rule is different. There a complaint will withstand a demurrer even, no matter how defective it

The Cincinnati, Wabash and Michigan Railway Company *v.* Stanley.

be otherwise, provided it contain the elements essential to a substantial cause of action.

Before the year 1827 no pleadings whatever were required in actions before justices of the peace, and the entire claims of the litigating parties were matters of evidence only. *Perkins* v. *Smith*, 4 Blackf. 300. The present statute renders it necessary for the plaintiff to "file with the justice a statement of the grounds of his complaint, or the written instrument which is the foundation of his suit." Section 1461, R. S. 1881. No formal complaint is, of course, necessary under this provision. Technical nicety and legal precision are no longer required even in the circuit court, much less before justices. But this does not dispense with the necessity of a statement containing, *in substance*, the matters necessary to enable the plaintiff to recover.

The averment of freedom from negligence on the part of the plaintiff is just as essential as the allegation of negligence on the part of the defendant. Our Supreme Court has decided, however, that in an action of this character, commenced before a justice of the peace, a complaint which fails to aver that the killing of the stock was the result of the defendant's negligence, is not good as a complaint in a common law action, even on a motion in arrest of judgment. *Baltimore, etc., R. W. Co.* v. *Anderson*, 58 Ind. 413.

We are therefore of the opinion that the court erred in the overruling of the motion in arrest of judgment. We need not decide upon the other assignment.

Judgment reversed, with direction to the court below to sustain the appellant's motion in arrest.

Filed April 13, 1892.