Filed Dec. 13, 1892.

———————◆———————

No. 751.

## The Ohio and Mississippi Railway Company v. Smith.

RAILROAD.—*Action Against for Personal Injuries.*—*Failure to Stop Sufficient Time at Station.*—*Complaint.*—*Sufficiency of After Verdict.*—*Contributory Negligence.*—Where, in an action against a railroad company to recover damages for personal injuries, the complaint showed the plaintiff to have been a passenger rightfully upon the car, and rightfully at the proper place, and under the proper circumstances, proceeding by the

The Ohio and Mississippi Railway Company *v.* Smith.

usual means to leave the car, which had stopped at the station where she was entitled and required to alight, and that she was only prevented from doing so by the fact that the train did not wait there a sufficient time, and she was injured by the sudden stopping and starting of the train, the complaint was not subject after verdict to the objection that it did not show that the plaintiff was free from negligence.

SAME.—*Answers to Interrogatories.*—*General Verdict.*—Where, in such action, the answers to interrogatories showed that the train stopped at the station where the plaintiff desired to alight for two minutes, and certain articles were unloaded from the train, such facts were not necessarily inconsistent with the general verdict in favor of the plaintiff. Notwithstanding the facts shown in answer to the interrogatories, there might have been such negligence on the part of the defendant, and such diligence and care on the part of the plaintiff, as to sustain the general verdict.

PLEADING.—*Sufficiency of Complaint.*—*Motion in Arrest of Judgment.*—A complaint will not be held insufficient on a motion in arrest of judgment if it be sufficient to bar another action for the same thing, and the necessary facts omitted be such as might be supplied by proof.

INSTRUCTIONS TO JURY.—*Quoting Complaint.* --A judgment will not be reversed because the court quoted the body of the complaint in one of its instructions to the jury.

From the Scott Circuit Court.

*C. L. Jewett, H. E. Jewett* and *J. H. Shea,* for appellant.

*C. B. Harrod,* for appellee.

BLACK, J.—The question as to the sufficiency of the appellee's complaint after verdict is presented under assignments that the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling the appellant's motion in arrest of judgment.

The action was one for the recovery of damages for a personal injury sustained by the appellee while a passenger upon the appellant's freight train.

The objection urged against the complaint is that it does not show that the appellee was free from negligence.

In actions for negligence the complaint must contain an averment to the effect that the plaintiff was without fault or without negligence, or there must be a statement of facts

which will indicate that the plaintiff did not contribute to the injury by his own fault. *Jeffersonville, etc., R. R. Co.* v. *Hendricks*, 26 Ind. 228; *Pennsylvania Co.* v. *Gallentine*, 77 Ind. 322 (329), and cases cited; *Town of Rushville* v. *Poe*, 85 Ind. 83; *Gheens* v. *Golden*, 90 Ind. 427; *Louisville, etc., R. W. Co.* v. *Lockridge*, 93 Ind. 191.

When the sufficiency of the complaint is questioned, not by demurrer, but after verdict by motion in arrest, or by assignment of error in this court, all intendments, it has been frequently held, are taken in favor of the pleading, and if it contains a statement of facts sufficient to bar another suit for the same cause of action, its defects, if any, are cured by the verdict, and it will be treated as sufficient to uphold the judgment. *Colchen* v. *Ninde*, 120 Ind. 88; *Peters* v. *Banta*, 120 Ind. 416.

A complaint will not be held insufficient on motion in arrest of judgment if it be sufficient to bar another action for the same thing, and the necessary facts omitted be such as might be supplied by proof. *Chapel* v. *Shuee*, 117 Ind. 481; *Evansville, etc., R. R. Co.* v. *Willis*, 80 Ind. 225; *Robinson* v. *Powers*, 129 Ind. 480; *Louisville, etc., R. W. Co.* v. *Harrington*, 92 Ind. 457.

In *Eberhart* v. *Reister*, 96 Ind. 478, it was said: "Where there is a material fact lacking, the pleading is not cured by the verdict, unless it states other facts from which, by liberal intendment, the omitted fact can be supplied. Where there are no allegations touching the subject, then there are no grounds which will support an inference, or which will supply reasons for an intendment, that the omitted fact was proved. * * Our cases lay down the rule that where an independent fact essential to the cause of action is omitted, the pleading will be bad on a motion in arrest." See, also, *Cincinnati, etc., R. R. Co.* v. *Stanley*, 4 Ind. App. 364.

In each of the two cases last cited, as in the case at bar, the plaintiff's freedom from fault was an essential fact.

In *Eberhart* v. *Reister, supra,* it was said : " If there were any facts at all bearing upon that subject, then a liberal intendment would be indulged. * * There may be cases where, in stating the facts constituting the defendant's negligence, the plaintiff's freedom from fault is made to appear."

In *Bedford, etc., R. R. Co.* v. *Rainbolt,* 99 Ind. 551, a complaint which did not expressly aver that the plaintiff was without fault or negligence, but which by its averments showed that while he, being a passenger, was seated in the defendant's railroad coach, the coach, by reason of the defendant's negligence, broke through a bridge, whereby he was injured, was held sufficient. It was said : " From the averments in the complaint, in this case, it must be taken that the appellee was lawfully a passenger on the appellant's train of cars, presumably submitting to its rules and regulations as such. The giving way of the railroad bridge, over which the train was passing, precipitated him violently into the river below, inflicting upon him the injuries complained of, and it must be held from the situation in which the appellee is shown to have been, the relation which he occupied toward the railroad company, which relation placed him under no duty except to remain passive in its hands while being carried, that all presumption of negligence on his part is rebutted by the averments of the complaint."

In *Mitchell* v. *Robinson,* 80 Ind. 281, the complaint charged that the defendants owned and were operating certain steam engines and other machinery in the prosecution of a certain business ; that the plaintiff was in their employ, in the vicinity of the boilers connected with said machinery ; that while he was near the same, in the proper discharge of his duty under his said employment, one of the boilers, without any fault of the plaintiff, and only by reason of the unsafeness, defectiveness and insecurity thereof, exploded, whereby large quantities of steam and water escaped therefrom

The Ohio and Mississippi Railway Company *v.* Smith.

and fell upon him, by reason of which he was greatly injured, etc. It being objected by counsel that the complaint did not sufficiently show that the plaintiff was injured without fault on his part, the court said : " He was lawfully and without fault at the place where he was injured ; the explosion occurred without his fault; and from these facts, considered in connection with the other facts stated, it is certain to a common intent that he was free from any fault which contributed to his injury." And the complaint was held sufficient on demurrer.

In the complaint before us it is not directly alleged that the appellee was without fault or negligence. Among other things it was shown by the averments of the complaint that on a day stated at North Vernon, a station on appellant's railroad, the appellee purchased of the appellant a ticket entitling her to passage on the railroad from that station to Lexington, another station on said railroad, and that the same day she, with her two infant children, took passage on the appellant's car on said road at North Vernon station ; that the station at Lexington, by the rules and regulations of the appellant, was a regular place for the stopping of its train, and that the train on which she took passage was accustomed to stop thereat.

It was alleged that " on arriving at said station at Lexington the defendant stopped its said train ; that the plaintiff immediately and without delay proceeded as far as the door of said car, and while in the act of stepping out of the door on to the platform of the car the train and said car suddenly and with a sudden bound started, without any warning from the defendant that the train was going to start."

It is further shown that the train, without stopping, ran forward about one-eighth of a mile from said station of Lexington, where it was stopped, and the appellee, with her children, was put off. It is alleged " that by reason of the sudden stopping and starting of the train as aforesaid, she, with one of her said children in her arms, was thrown down on

The Ohio and Mississippi Railway Company v. Smith.

the floor of the car, whereby she was injured in her back,"
etc., "in violation of the duties and obligations of the de-
fendant toward her as a passenger on its train," etc.

There is not here an entire absence of averment of matter
affecting the question of want of fault on the part of the
appellee.   Facts are stated which have relation to the sub-
ject of her care and diligence.   She is shown to have been
a passenger rightfully upon the car and rightfully, at the
proper place and under the proper circumstances, proceeding
by the usual means to leave the car, which had stopped at
the station where she was entitled and required to alight. It
appears that she proceeded with proper expedition, and that
she was only prevented from alighting at the station by the
fact that the train did not wait there a sufficient time.   It
was not her fault that the train started in the manner de-
scribed.   Without averring that she was doing her duty as a
passenger destined to that station, yet what she alleges she
was doing was her duty as a passenger.   She, with her child
in her arms, was properly at the door-step when the train
suddenly started, without warning, and it is alleged that it
was by reason of that sudden stopping and starting that she
was thrown down.

Giving to the language employed the meaning which would
be attached to it in common usage, it may be said that it
conveys the impression that the passenger was without fault.
Indulging the most liberal intendment, as we are required
by the authorities, we hold, not without hesitation, however,
that the complaint was not subject after verdict to the objec-
tion urged against it by counsel.

With the general verdict in favor of the appellee, the jury
returned answers to interrogatories.   The appellant's mo-
tion for judgment on the answers to interrogatories was
overruled.

These answers showed that the train stopped at the sta-
tion at Lexington two minutes, and that two buggies and a
sulky-plow were unloaded there from the train.   The facts

thus shown were not necessarily inconsistent with the general verdict.

It was the duty of the appellant to stop its train at the station a sufficient length of time to afford the appellee a reasonable opportunity to get off the train without danger of injury to her person. *Jeffersonville, etc.,R. R. Co.* v. *Hendricks*, 26 Ind. 228 ; *Jeffersonville, etc., R. R. Co.* v. *Hendricks*, 41 Ind. 48 ; *Jeffersonville, etc., R. R. Co.* v. *Parmalee*, 51 Ind. 42 ; *Terre Haute, etc., R. R. Co.* v. *Buck*, 96 Ind. 346 ; *Reibel* v. *Cincinnati, etc., R. W. Co.*, 114 Ind. 476 ; *Louisville, etc., R. R. Co.* v. *Crunk*, 119 Ind. 542 ; Thompson Carriers, 226, 227.

The appellee may have been so encumbered and impeded by her valises and her two children, and so delayed by other persons leaving the car or entering it, that the conductor knowing these facts and knowing or being bound to know and to recollect that she was to alight at that station, was not free from negligence in failing to give her a longer time than two minutes after the arrival of the train to alight.

We have had occasion to look at the evidence under another assignment of error, and it shows that the passenger was encumbered with two valises and two small children, one of them carried in her arms and the other led by the hand, and that when she had reached the door of the car she stepped back to let in another lady, who had been assisted to get on the car by the conductor ; also, that the conductor had taken up her ticket, and that when, after the injury, she told him she wanted to get off the train he said to her that he thought she was going to another station named by him. The evidence is now referred to only to illustrate how, notwithstanding the facts shown in answer to interrogatories, there might be such negligence on the part of the appellant and such diligence and care on the part of the appellee as to sustain the general verdict.

The jury awarded the appellee six hundred dollars. It is insisted that this was an excessive amount of damages. It

is also contended that the verdict was not sustained by the evidence. Under well settled rules and principles, the discussion of which would be of no general utility, we can not for either of these reasons disturb the result reached in the court below.

The court's first instruction to the jury is criticised because, in stating the issue, the body of the complaint was quoted. Without commending this method, it must be held that it is not a good reason for reversing the judgment. *Clouser* v. *Ruckman,* 104 Ind. 588.

Complaint is made because of the refusal of the court to give the second instruction requested by the appellant.

This instruction related to the duty of the appellee not to attempt to get off the train after it started or while it was in motion, and was not pertinent to the case before the jury.

The judgment is affirmed.

Filed Dec. 13, 1892.