Reinhard, J.
The appellee sued the appellant and recovered damages for a personal injury alleged to have been sustained by him in falling through an elevator shaft or hatchway, in the appellant’s warehouse, in the city of Indianapolis. There are but two specifications of error, viz.:
1. The amended complaint, and each paragraph thereof, fails to state facts sufficient to constitute a cause of action.
2. The court, at special term, erred in overruling the appellant’s motion for a new trial.
*368 The complaint is in two paragraphs.
The first paragraph counts upon the negligence of the appellant in leaving the hatchway without guards or other protection.
The second is the same as the first, differing only in the respect that it characterizes the acts of locating, constructing and maintaining .the elevator and hatchway, and in not providing suitable guards and other protection about the same as being the result “of the willful carelessness and negligence” of the appellant.
It is not contended on the part of appellee’s counsel that the second paragraph of the complaint is sufficient as declaring upon a willful injury indicted upon the appellee by the appellant, and it is proper to state here that no such case is presented by the evidence, and the court so instructed the jury. The controlling question, therefore, in connection with this assignment, is whether the two paragraphs of the complaint, when considered together, contain sufficient averments to make a case of ordinary negligence against the appellant so as to withstand the assignment that the complaint does not state facts sufficient to constitute a cause of action.
The objection urged to the sufficiency of the complaint is that it wholly fails to show that the appellant owed the appellee any duty, by reason of which it was bound to protect him against the danger of falling into the open hatchway.
It is averred in each paragraph of the complaint that, at and before the time of the alleged accident, the appellant owned and operated, in the city of Indianapolis, a warehouse for storing goods and merchandise; that at said time “The Mullen-Blackledge Company,” a corporation doing business in said city, leased and occupied space on the third floor of said warehouse for the storage of goods, and, for the purposes of their business, in con *369 nection with said storage of goods, had a right of way on and across the first floor of said warehouse for the purpose of overseeing and controlling the loading and shipment of cars on the railroad tracks running into the said warehouse, and for all other purposes connected with the shipment of goods; "that at about dusk, on the afternoon of said day, the plaintiff herein, at the request of his employer, went to and into the said warehouse for the purpose of arranging and fastening certain signs upon the cars being there loaded and about to be shipped, and for the purpose of seeing that said cars were properly loaded; that in order to comply with his instructions, he was compelled to walk and did walk on and across the first floor of said warehouse toward the open door of a car standing upon said warehouse railroad track; that at or near the middle of said first floor, in the direct line of approach to said car, and between the plaintiff and said car, there was a hatchway for an elevator used in said warehouse; that said hatchway was not enclosed or in any manner protected, nor was there on or' about the same any sign, guards, warning, signal, or any means of any kind ■whatever to indicate the presence of a dangerous pitfall; that said plaintiff had never been in or about said warehouse prior thereto, and was entirely ignorant of its plan of construction; and while in the act of walking across the first floor of said warehouse, being in the discharge of his duty and where he had a right to be, he stepped and fell down and into said open and unprotected hatchway; that said defendant, through its agent, knew that the plaintiff was to enter and to walk on and over the first floor of said warehouse to said car, which was then and there being loaded with the goods of said Mullen-Blackledge Company'; that the fall and injury *370 tlierefrom was without any negligence whatever upon the part of the plaintiff herein, but because of the care-: lessness and negligence of the said defendant in locating, constructing and maintaining said elevator and hatchway in the warehouse in an unnecessary and dangerous place, and further, in not providing and maintaining warnings, lights and guards or any means of protection or notice of peril, on or about the elevator or hatchway.” The remainder of the complaint has reference to the injury and damages sustained by the appellee.
Actionable negligence consists in the failure of the defendant to discharge some duty or obligation resting upon the defendant toward the plaintiff from which injury has resulted. The owner or occupant of a warehouse used for the purposes of storage has a right to construct and maintain an elevator to hoist and lower the goods stored, and for the use of the employes in and about the building. And before one injured by falling through the shaft of such elevator, which was left unprotected through the owner’s negligence, may recover damages of such owner for the injury, it must appear that such owner was under some legal duty or obligation to the person injured to protect him against the dangers of such an opening. Howe v. Ohmart, 7 Ind. App. 32, and cases cited.
If, for example, the appellee was a mere trespasser upon the appellant’s property, the 'latter owed him no such duty as would require him to provide safeguards around the open elevator shaft.
If he was a licensee, that is, if he was permitted to come upon the premises by the mere sufferance' of the proprietor, the latter still owed him no duty which would render him liable for leaving the opening unprotected. It is only where the injured party comes upon the premises of the owner or proprietor by invitation, express or *371 implied, that the latter assumes the obligation of providing safe and suitable means of ingress and egress and of moving about the premises. Evansville, etc., R. R. Co. v. Griffin, 100 Ind. 221; Thiele v. McManus, 3 Ind. App. 132.
The complaint in the case before us does not show what relation the appellant sustained to the appellee in the particular mentioned. It is averred in the complaint that the appellee went into the warehouse to post some signs upon the cars that were being loaded, and to see that they were properly loaded, as it was his duty to do. It is also stated that he went at the request of his employer, but who the- employer was, whether the appellant or the Mullen-Blackledge Company or an entire stranger, is not made to appear directly or indirectly. That the complaint fails to show that the appellant owed the appellee such a legal duty as required it to protect the elevator opening by proper safeguards, we think is obvious, and if a demurrer had been filed and overruled such ruling would doubtless have been error. Indeed, this is practically conceded by appellee’s counsel, but their .contention is that the defect is cured by the verdict.
It is one of the salutary provisions of the code that if no objection is taken to a complaint, either by demurrer or answer, the same shall be deemed to ■ have been waived, except only the objection to the jurisdiction of the court over the subject of the action, and except the objection that the complaint does not state facts sufficient to constitute a cause of action. R. S. 1894, section 346 (R. S. 1881, section 343). It would seem that, upon principle, this statute should receive a liberal construction, and such construction it has indeed received at the hands of the courts. If the complaint is merely defective in the statement of the cause of action, and the defect is such as may be remedied by the appli *372 cation of liberal and reasonable intendments, it will be held sufficient to withstand an attack made for the first time after verdict or in the áppellate tribunal. The reasons for the liberal construction are obvious. A party who stands by in the trial court and permits the action against him to proceed until after the trial, without raising any objections to the complaint, which is the foundation of such action, and without giving his adversary an opportunity to correct the imperfect pleading, is certainly entitled to little or no favor in a ruling upon the sufficiency of such'-pleading after verdict; and if such party suffers the complaint to go unchallenged through the trial court, the appellate tribunal will be safe in refusing to grant him the relief he might have obtained by timely objection. Every objection, therefore, of a mere technical character, will be treated as waived, and when the defect is one that can be aided by intendments, it will be held cured by the verdict.
As a general rule, the complaint will be held sufficient after verdict if it contain sufficient averments to apprise the defendant of the nature of the demand or claim against him, and to bar another action for the same thing or demand.
Where, however, there is an entire absence of the averment of a substantial cause of action, or there is wanting some fact or facts essential to the cause of action, and which may not be supplied by applying to the pleading the rules of intendment, then the judgment can not be upheld, even though the complaint was assailed for the first time in this court, for there can be no valid judgment on a complaint which states no cause of action. Elliott’s App. Proced., sections 471-474; Eberhart v. Reister, 96 Ind. 478; Harris v. State, ex rel., 123 Ind. 272; Burkhart v. Gladdish, 123 Ind. 337; Bronnenburg v. Rinker, 2 Ind. App. 391; Duffy v. Carman, 3 Ind. App. *373 207; Cincinnati, etc., R. W. Co. v. Stanley, 4 Ind. App. 364.
In the casé last cited, the action was for negligence, and was commenced before a justice of the peace. The complaint failed to aver that the plaintiff was free from contributory negligence or that the injury occurred without fault on his part. There was an assignment of error by which the sufficiency of the complaint was called in question in this court, and a further assignment that the court erred in overruling the motion in arrest. We there held the complaint fatally defective, saying: 1 'But where there is a failure to plead some independent fact which is essential to a recovery, or to the statement of a substantial cause of action, the omission is fatal, even on a motion in arrest. The principle has been applied by our Supreme Court more especially to complaints in actions for negligence.”
In Eberhart v. Reister, supra, the Supreme Court ruled that a complaint in an action to recover for an injury inflicted by a vicious animal was ’ bad on motion in arrest of judgment if it failed to show that the plaintiff was free from fault.
In Baltimore, etc., R. W. Co. v. Anderson, 58 Ind. 413, the action was for killing stock, and had been commenced before a justice of the peace. The complaint averred that the cattle described were killed and injured by the defendant’s locomotives and cars at different times stated in the complaint, and in the county of Lake, State of Indiana, to the plaintiff’s damage. A motion in arrest having been overruled, the complaint was, on appeal to the Supreme Court, held fatally defective for failing to show that the killing and injuring of the cattle was done through the negligent act or acts of the railroad company.
These citations are sufficient to support the' proposi *374 tion that the complaint can not be aided by intendment when there is an entire absence of the statement of some fact or facts from which a liability could at least be inferred. Applying the rule to the case in hand, had the appellee alleged that his employer was the Mullen-Blackledge Company, or the appellant, or did the complaint contain any statement from which such fact could be legitimately inferred, the complaint would have been sufficient to withstand the attack now made upon it, as in the latter event the rules of intendment could be made applicable.
Filed Dec. 18, 1894.
There is nothing in the complaint before us, however, from which such an inference could be legitimately drawn; nor is there anything to show that the appellant, by reason of any relation it sustained to the appellee, was in duty bound to furnish him safe conduct through the premises, such as he insists it was obligated to furnish him.
In our opinion, the complaint utterly fails to state a cause of action.
Judgment reversed.
Gavin, J., was absent.