Lockhart *et al. v.* Schlotterback.

Filed June 7, 1895.

———————◆———————

No. 1,734.

### LOCKHART ET AL. *v.* SCHLOTTERBACK.

PLEADING.—*Complaint by Heirs.*—*Arrest of Judgment.*—*Essential Averments: No Administration, No Debts Owing from Estate.*—Where an independent fact essential to the cause of action is omitted, the pleading will be bad on a motion in arrest of judgment, *e. g.*, where, in an action by heirs, there is a total omission to state that no letters of administration have been taken out, and that there are no debts due from the estate.

From the Noble Circuit Court.

*D. W. Green* and *H. G. Zimmerman*, for appellants.

*P. V. Hoffman*, for appellee.

DAVIS, J.—This action was brought by the appellants against appellee.

It is alleged, in the complaint, that Arthur D. Lockhart, in 1873, recovered a judgment in the Noble Circuit Court, for $655.89, against appellee; that said judgment remains wholly due and unpaid; that in 1877 said Lockhart departed this life intestate, in California, leaving surviving him as his sole and only heirs at law the appellants—his widow and his mother—and that they are entitled to the money due and unpaid on said judgment.

There was a trial by jury and a verdict returned in favor of appellants for $1,442.95.

The court sustained appellee's motion in arrest of judgment, and this ruling presents the only question for our consideration.

It is well settled in this State that where there is no administration, and no debts to pay, the heirs may collect the debts payable to their deceased ancestor, but there is no allegation in this complaint that there was no administration on the estate. Neither is there any averment therein that there were no debts against the estate. *Holzman* v. *Hibben,* 100 Ind. 338.

When the sufficiency of a complaint is called in question for the first time by a motion in arrest of judgment, the defect in the complaint will be deemed to be cured by the verdict, unless it wholly omits the averment of some material fact essential to the cause of action attempted to be stated. If the omitted fact is such as can be inferred, by reasonable intendment, from the other facts alleged, and the facts expressly stated in connection with the facts fairly inferrible therefrom are together sufficient to render the judgment a complete bar to another suit for the same cause of action, the complaint will withstand such motion. *Clark* v. *Maxwell,* 12 Ind. App. 199; *Eberhart* v. *Reister,* 96 Ind. 478; *Ohio, etc., R. W. Co.* v. *Smith,* 5 Ind. App. 560; *Cin-*

*cinnati, etc., R. W. Co.* v. *Stanley*, 4 Ind. App. 364; *DuSouchet* v. *Dutcher*, 113 Ind. 249.

In *Eberhart* v. *Reister*, *supra*, Judge ELLIOTT says: "There are defects in pleadings which a verdict will not cure. Where there is a material fact lacking, the pleading is not cured by the verdict, unless it states other facts from which, by liberal intendment, the omitted fact can be supplied. Where there are no allegations touching the subject then there are no grounds which will support an inference, or which will supply reasons for an intendment that the omitted fact was proved. Facts not alleged, and which are not implied or inferrible from those which are alleged, can not be presumed to exist, nor can it be presumed that they were proved to the jury. Gould Pl. Ch. 10, section 12. The rule is somewhat more broadly stated in an early English work, but it is not supported by authority. In commenting upon the statement of the rule of which we have spoken, a recent writer says: 'But this language is too broad, for it has always been limited, both in England and the United States, to cases where the plaintiff had stated his cause of action defectively or inaccurately, and has never been held to apply where there had been a total omission to state it, where the statement of some fact essential to the cause of action had been wholly omitted.' Bliss Code Pl., section 438. Our cases lay down the rule that where an independent fact essential to the cause of action is omitted, the pleading will be bad on a motion in arrest."

In this case, as we have before observed, there is a total omission to state the essential averment that no letters of administration have been taken out, and that there are no debts due from the estate. *Williams* v. *Riley*, 88 Ind. 290.

These essential facts are not merely defectively or in-

accurately stated, but there is no allegation whatever touching the subject, and there are therefore no grounds which will support an inference, or which will supply reasons for an intendment that the omitted facts were proved.

Judgment affirmed.

Filed June 7, 1895.