Harter *et al. v.* Parsons.

---

No. 1,646.

HARTER ET AL. *v.* PARSONS.

DEMURRER.—*To Complaint as an Entirety.*—A demurrer to a com-
plaint as an entirety should be overruled if one of its paragraphs is
good.

PLEADING.—*Complaint.— To Recover Real Estate or its Value.—
Contract to Convey.*—A complaint for the recovery of two lots or
their value is insufficient where it alleges a contract by the owner
of land to convey to a specified person "and others" the remaining
lots in a given tract of land after they had sold sufficient to realize
for the former a specified amount; and a second contract by such
person, and two others named to cause to be conveyed to plaintiff,
any two lots in such tract undisposed of, which he might select, in
consideration that he should bring about a trade for a certain num-
ber of lots with a given person, and that such trade was effected;
but it does not allege that the first contract has been fully consum-
mated.

SAME.—*Complaint.— Omission of Material Fact.—Appellate Pro-
cedure.*—A complaint will not be held sufficient, although first
objected to on appeal, where a material fact is omitted therefrom,
notwithstanding it would be held sufficient if there had been a
defective or imperfect averment of such fact.

Harter *et al. v.* Parsons.

ASSIGNMENT OF ERRORS.—*Joint Demurrers and Joint Exception to Ruling on.*—*Assignment by Part Only.*—An assignment of error by a part only of the defendants who jointly demurred to the complaint and jointly excepted to the ruling thereon will not be considered on appeal.

From the Madison Circuit Court.

*Goodykoontz & Ballard, Claypool & Claypool* and *C. M. Cooper,* for appellants.

*Diven & McMahan,* for appellee.

Ross, J.—The appellee sued and recovered judgment against the appellants for services alleged to have been rendered by him for them under a special contract in the sale of real estate. The complaint was in two paragraphs, to which the appellants filed a joint demurrer for want of facts to the entire complaint. The demurrer was overruled and a joint exception saved by the appellants to the court's ruling. In this court the appellant, Jacob H. Harter, separately assigns as error that the complaint does not state facts sufficient to constitute a cause of action against him. The appellants, Austin F. Bradley, Victor M. Backus and Charles M. Cooper, "jointly and severally" assign as error: "First. That the complaint does not state facts sufficient to constitute a cause of action against them, or either of them. Second. Error of the court in overruling the demurrer of the defendants below to the complaint."

Where a demurrer is addressed to a complaint as an entirety, containing more than one paragraph, it should be overruled if one paragraph is good. *Baker, Gdn.,* v. *Groves,* 1 Ind. App. 522; *Jewett* v. *Honey Creek Draining Co.,* 39 Ind. 245; *Washington Tp.* v. *Bonney,* 45 Ind. 77; *Romine* v. *Romine,* 59 Ind. 346; *City of Aurora* v. *Fox,* 78 Ind. 1; *Baddeley* v. *Pat-*

Harter *et al. v.* Parsons.

*terson,* 78 Ind. 159; *City of Connersville* v. *Conners-ville Hydraulic Co.,* 86 Ind. 235; *Millikan* v. *Temple,* 94 Ind. 261; *Cooper* v. *Hayes,* 96 Ind. 386; *Redels-heimer* v. *Miller,* 107 Ind. 485; *City of Plymouth* v. *Milner,* 117 Ind. 324.

Before entering upon the trial of the cause the appellee withdrew, or dismissed as to, the second paragraph of his complaint. The second paragraph having been withdrawn, there is some doubt as to whether or not it is properly in the record on this appeal. Unless it is properly in the record we cannot determine whether or not the demurrer to the complaint was properly overruled.

The demurrer was a joint one by all of the appellants and addressed to the entire complaint, and to the ruling thereon the appellants jointly excepted. There is no joint assignment of error by all of the appellants in this court calling in question the ruling of the lower court upon the demurrer. The rule is well settled that the assignment of errors is the appellants' complaint, and the specifications of error must apply to and be predicated upon rulings addressed to the party or parties making the assignment. In a word, the specifications of error must apply accurately to the rulings complained of.

We will, therefore, consider the sufficiency of the complaint under the assignments made in this court that facts sufficient are not alleged to constitute a cause of action.

The rule that governs in determining the sufficiency of the facts alleged to constitute a cause of action, when their sufficiency is first attacked on appeal, is entirely different from that which is applicable when tested by a demurrer. When the sufficiency of a complaint is first questioned by an assignment in this court

that it does not state facts sufficient to constitute a cause of action, facts which were defectively stated and which would have been insufficient on demurrer, are often deemed to have been amended after verdict. *Bronnenburg* v. *Rinker,* 2 Ind. App. 391; *Parker* v. *Clayton,* 72 Ind. 307; *Burkett* v. *Holman,* 104 Ind. 6.

In *Eberhart* v. *Reister,* 96 Ind. 478, the court says: "Many defects which a demurrer would reach are cured by a verdict. *Jones* v. *White,* 90 Ind. 255; *Martin* v. *Holland,* 87 Ind. 105; *Puett* v. *Beard,* 86 Ind. 104; *Jenkins* v. *Rice,* 84 Ind. 342; *Parker* v. *Clayton,* 72 Ind. 307; *Shimer* v. *Bronnenburg,* 18 Ind. 363."

In the case of *Noblesville Foundry and Machine Co.* v. *Yeaman, by Next Friend,* 3 Ind. App. 521, Crumpacker, J., speaking for the court, says: "When a complaint is attacked for the first time in this court every legal intendment is summoned to its rescue, and if there is enough to bar another suit for the same cause, and no necessary averment is totally absent, the verdict will cure the delinquencies," and in support of the holding is cited: *Louisville, etc., R. W. Co.* v. *Spain,* 61 Ind. 460; *Toledo, etc., R. W. Co.* v. *Stevens,* 63 Ind. 337; *Louisville, etc., R. W. Co.* v. *Harrington,* 92 Ind. 457; *Hedrick* v. *Osborne & Co.,* 99 Ind. 143; *Burkett* v. *Holman, supra; Orton* v. *Tilden,* 110 Ind. 131; *Du Souchet* v. *Dutcher,* 113 Ind. 249.

It may be conceded that the adjudications are not as clear and harmonious as they should be in defining just what amendments shall be deemed to have been made, or defects in a pleading cured after verdict and judgment, but we are unwilling at this time to say that the doctrine of intendment after verdict should be carried to the extent of holding that a material fact omitted from a complaint will be assumed to have been supplied

by the evidence. We do affirm, however, that a complaint, which although insufficient to withstand a demurrer, because of a defective or imperfect averment only, of a fact, will be cured by a verdict, upon the assumption that every fact alleged in a complaint, and such other facts as are not alleged, but which are naturally inferable from those alleged, have been proven. "The particular thing which is presumed to have been proved must always be such as can be implied from the allegations on the record by a fair and reasonable intendment." 1 Chit. Pl. (8th Ed.) 673. But where a material fact is lacking which is not properly inferable from those pleaded, the pleading is not cured by the verdict. *Newman* v. *Perrill*, 73 Ind. 153; *Eberhart* v. *Reister, supra; Platter* v. *Board, etc.*, 103 Ind. 360; *Sage* v. *State*, 120 Ind. 201; *Old* v. *Mohler*, 122 Ind. 594; *Reed* v. *Browning*, 130 Ind. 575. As said by this court in the case of *Cincinnati, etc., R. W. Co.* v. *Stanley*, 4 Ind. App. 364: "Where there is a failure to plead some independent fact which is essential to a recovery, or to the statement of a substantial cause of action, the omission is fatal, even on a motion in arrest. * * * The verdict will cure all defects in averments, except those which are essential to the foundation of the cause of action itself." A complaint is vulnerable to attack, because fatally defective, when a fact necessary to the statement of a cause of action is missing therefrom. There must be a sufficient complaint, or there is no foundation for a judgment; and where there is a necessary fact lacking it is incurably bad, and a verdict will not cure it.

The complaint filed by appellee reads as follows:

"Julius F. Parsons complains of Austin F. Bradley, Victor M. Backus, Charles M. Cooper and Jacob H. Harter, and says: That the defendants, Austin F.

Bradley, Victor M. Backus and Charles M. Cooper, are partners in the ownership of a contract with Jacob H. Harter, the exact terms of which are unknown to plaintiff, but in substance is, that the said Jacob H. Harter sold to the said Austin F. Bradley *and others*, certain real estate in the city of Anderson, which the said Jacob H. Harter platted into an addition known as "Englewood" addition to the city of Anderson, Madison county, Indiana; the said Bradley, Backus and Cooper to sell the said lots in said addition, the said Harter to convey the same as sold, and receive certain of the proceeds therefrom, and when he has received the amount of the consideration from the contract of sale, from said Harter to Bradley and others, then Harter to convey the residue to said parties. He avers that the said Backus, Cooper and Bradley have had an agency and doing business in the city of Anderson in the sale of said lots, said Austin F. Bradley representing them and transacting the business for said partnership; that said parties being desirous of making sales of said lots, or trade same so that said Harter would accept the proceeds as a part of the purchase price as aforesaid, entered into an agreement with said plaintiff, that if he would get up a trade between said defendant, and one Richard Thornburgh, by which Harter should convey for said defendants a certain number of lots in Englewood to said Thornburgh, in consideration for which said Thornburgh would convey a certain tract of land near the city of Anderson, they would cause to be conveyed to said Parsons for his services in getting up said trade, any two lots that he would choose or select in said Englewood addition, that might be left after said Thornburgh had chosen the lots that he was to take in said trade.

And he further avers that said Harter became known

to said contract and took part in the negotiations and trade, and knew of the contract by which said Parsons should have said two lots for his services as aforesaid, in assisting in making said trade, and consulted with, and came to said plaintiff to make said trade and get the same finally consummated; and he avers, that it was understood between all the parties that in getting up said trade said Parsons was to receive said lots from said defendants as aforesaid; and he avers that he consulted with said Thornburgh and said defendants, and after some considerable negotiations the trade was effected, by which said Harter, for said defendants, entered into a contract, and has conveyed to said Thornburgh fifty lots in Englewood, in consideration of which said Harter received from said Thornburgh a conveyance, or is to receive a conveyance from said Thornburgh for two hundred and two acres of land near the city of Anderson, subject to certain incumbrances thereon, and credit the said contract between the said Harter and said Bradley and others, with the amount agreed on between them; and he avers, that since the final completion and closing up of said trade, he has gone and selected two lots in said Englewood addition, designated the same, and demanded of the defendants a compliance with their part of the said contract; and he further avers that said lots so selected are two of the best lots now remaining in their possession, and which they have on demand refused to comply with, or convey to said plaintiff any lots, which in accordance with said contract, are reasonably worth $1,200.00; and he avers that the services on his part as aforesaid, for said defendants, are worth the sum of $1,200.00, and that the said two lots to be selected by him from those remaining after said Thornburgh had chosen his fifty lots, are worth $1,200.

Wherefore, he says, a cause of action has accrued to him to have and recover from the defendants the said sum of $1,200.00, for which he asks judgment and all other proper relief."

The gist of the complaint, if we fully understand it, is that the appellants, Bradley, Backus and Cooper, were partners in the ownership of a contract made with the appellant, Harter, the substance of which contract was that Harter sold to Bradley and others certain real estate in Anderson which Harter platted into an addition known as "Englewood;" Bradley, Backus and Cooper to sell the lots, and Harter was to make a conveyance to the purchasers for the lots sold, and when he had received a certain amount from the proceeds of the sales he was to convey the balance of the lots to Bradley and others; that Bradley, Backus and Cooper had an office in the city of Anderson, in charge of Bradley, for the purpose of selling the lots; that they entered into an agreement with appellee, "that if he would get up a trade between said defendants (appellants) and one Richard Thornburgh, by which Harter should convey for said defendants a certain number of lots in Englewood to said Thornburgh," in consideration of a conveyance to them of certain property owned by him, they would cause to be conveyed to appellee for his services in making such trade, "any two lots that he would choose or select in said Englewood addition that might be left after said Thornburgh had chosen the lots that he was to take in said trade;" that appellant Harter knew of the contract between the appellee and the appellants; that the exchange between the appellants and Thornburgh was consummated, but that the appellants have failed and refused to convey to appellee the two lots selected by him, although requested so to do, etc.

Harter *et al. v.* Parsons.

Two separate and distinct contracts are averred in the complaint, namely: First, the contract made between the appellant, Harter, and the appellant, Bradley and others. Who these *other* parties were who were associated with appellant Bradley in this contract is not disclosed, for the pleader endeavors specially to allege that the contract was not made with the appellants, Backus and Cooper, but that they have acquired an interest in the benefits to be derived from it. By the terms of this contract Harter, who owned the land platted as Englewood addition, agreed that when the said "Bradley and others" had sold enough of the lots to realize for him a certain sum he would convey to them the remaining lots unsold. The second contract, and the one sued on, was entered into between the appellants, Bradley, Backus and Cooper, on the one part, and the appellee on the other, whereby it is alleged that the former agreed, in consideration that appellee consummated a trade whereby they could exchange with one Thornburgh a certain number of the lots in said Englewood addition, for certain property he owned they would cause to be conveyed to appellee any two lots in said addition undisposed of which he might select. It is clear from the facts alleged that the appellant Harter was not a party to this latter contract as originally made, for the pleader seeks to connect him with and bind him by it, by charging that he "became known to said contract" and consulted frequently with appellee about the trade, and that he (appellee) and Harter finally consummated the trade with Thornburgh.

From the facts alleged it is evident that the appellee could not recover the two lots unless the previous contract made between the appellant Harter on the one part, and the appellant Bradley and others on the other,

had been fully consummated. "*Bradley and others,*" or Bradley, Backus and Cooper could not enforce their contract and compel the appellant Harter to convey to them any of the lots in Englewood addition until he had received his full compensation, as appellee alleges was the contract between them. If appellee was the agent of Bradley, Backus and Cooper, and knowing the terms of the contract existing between them and appellant Harter, he could not acquire greater rights under that contract than his principals had, and until Harter had received all the consideration to which he was entitled, the appellants Bradley, Backus and Cooper had no determined or definite interest in the lots remaining, neither could appellee acquire an interest.

The theory of the complaint is to recover the two lots or their value, and upon this theory it is clearly insufficient against either of the appellants.

Whether or not the appellee has a right of action against the appellants, or a part of them for services rendered is not before us, and we do not undertake to decide anything pertaining to that question. What we do decide is that the facts alleged fail to show any right of action in the appellee against the appellants to recover two lots in Englewood addition, or their value. The case was tried in the court below upon the theory that appellee was entitled to recover from the appellants, either the two lots which he selected, or their value. The complaint, therefore, does not state a cause of action against the appellants, or either of them.

Judgment reversed.

Filed February 11, 1896.