## National Fire Insurance Company v. Pfeil et al.

### [No. 11,725.   Filed October 5, 1923.]

1. Principal and Agent.— *Agency.— Proof.— Competency of Agent as a Witness.*—Although agency cannot be proved by declaration of the agent, when otherwise a competent witness, the agent may testify to the fact of agency.   p. 347.

2. Pleading.— *Sufficiency.— Motion in Arrest of Judgment.— Verdict.*—When the sufficiency of a pleading is first called in question after verdict by motion in arrest of judgment, all reasonable intendments are to be taken in favor of the pleading.   p. 347.

3. Pleading.—*Complaint.—Sufficiency.—Defects Cured by Verdict.*—When all facts essential to a cause of action are either directly pleaded, or may be inferred from other facts alleged therein, *held*, that the defects in the complaint are cured by the verdict.   p. 347.

4. Appeal.—*Questions Reviewable.—Motion in Arrest of Judgment.—Demurrer.—Waiver of Error.*—When appellant sought by its motion in arrest of judgment to question the sufficiency of the complaint, a consideration of the question was waived by reason of failure to raise the objection by demurrer.   p. 347.

From Starke Circuit Court; *William C. Pentecost,* Judge.

Action by George W. Pfeil and another against The National Fire Insurance Company of Hartford, Conn. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles Hamilton Peters* and *Bates, Hicks & Falonie,* for appellant.

*Harry C. Miller,* for appellees.

REMY, J.—Action on policy of theft insurance to recover for the loss of an automobile. Trial resulted in a verdict and judgment for plaintiffs, appellees in this court.

On the trial, it became necessary for appellees to prove that one Mannan was the local agent of appellant company at the time of, and following, the
1. loss of the automobile. Mannan was permitted as a witness for appellee to testify that he was such agent. This was not error. Although an agency cannot be proved by declarations of the agent, nevertheless the agent, otherwise a competent witness, may testify to the fact of agency. *Hale* v. *Hale* (1920), 74 Ind. App. 405, 126 N. E. 692; *Phillips* v. *Poulter* (1903), 111 Ill. App. 330; *Lawall* v. *Groman* (1897), 180 Pa. 532, 37 Atl. 98, 57 Am. St. 662.

Other reasons for a new trial are not, under the rules of this court, presented by appellant's brief.

It is urged by appellant that the trial court erred in overruling its motion in arrest of judgment. The sole reason in support of the motion relates to the
2-4. sufficiency of the complaint. No demurrer was filed. It has frequently been held by the courts of appeal of this state, and is the law, that when the sufficiency of a pleading is first called in question after verdict by a motion in arrest of judgment, all reason-

able intendments are to be taken in favor of the pleading. *Ohio, etc., R. Co.* v. *Smith* (1892), 5 Ind. App. 560, 32 N. E. 809. An examination of the complaint reveals that all facts essential to a cause of action on the policy sued on are either directly pleaded, or may be inferred from other facts alleged therein. Under such circumstances, the defects in the complaint were cured by the verdict. *Colchen* v. *Ninde* (1889), 120 Ind. 88, 22 N. E. 94. Besides, the Supreme Court of this state has held that by failure to demur, a defendant waives a consideration of the sufficiency of the complaint on motion in arrest of judgment. *Hedekin Land, etc., Co.* v. *Campbell* (1916), 184 Ind. 643, 112 N. E. 97.

Affirmed.