No. 1,079.

## THE LOUISVILLE, EVANSVILLE AND ST. LOUIS CONSOLIDATED RAILROAD COMPANY v. BEAN.

RAILROAD.—*Passenger Alighting from Moving Train.*—*Personal Injury.* —*Contributory Negligence.*—*Instructions to Jury.*—In an action by one for personal injuries received while stepping from a moving train, the court refused to instruct the jury that "One who jumps from a train, not to avoid impending peril, but to avoid being carried beyond his station, is guilty of negligence, and can not recover for injuries sustained thereby," and, also, that "If the jury find that the plaintiff undertook to get off the train after it began to move, he was guilty of contributory negligence, and can not recover." There was no error in refusing to give such instructions, such action on the part of the passenger not necessarily being negligence *per se.*

From the Warrick Circuit Court.

*J. E. Iglehart* and *E. Taylor*, for appellant.

*W. A. Traylor* and *W. S. Hunter*, for appellee.

GAVIN, J.—Appellee, a passenger upon appellant's train, while getting off the car at his station, fell to the ground and was injured, as·he alleges, by reason of an insufficient platform and the appellant's carelessness and negligence in suddenly starting the train as he was in the act of getting off, without allowing him a reasonable time to reach the platform.

Over appellant's motion for a new trial, and exception, judgment was rendered in favor of appellee.

The only questions presented to us relate to the instructions.

The want of skill, if any, on the part of appellant's servants, was properly in issue under the general charge of negligence.

In Shear. & Red. on Neg., section 3, it is said: "Negligence, constituting a cause of civil action, is such an omission, by a responsible person, to use that degree

of care, diligence and skill which it was his legal duty to use for the protection of another person from injury, as, in a natural and continuous sequence, causes unintended damage to the latter."

So, also, in *Heaven* v. *Pender*, 11 Q. B. Div. 503: "Actionable negligence consists in the neglect of the use of ordinary care or skill towards a person to whom the defendant owes the duty of ordinary care and skill, by which neglect the plaintiff has suffered injury to his person or property."

Whether the evidence presented to the jury made out a case of want of skill upon the part of the company's servants to properly manage the train, or a failure to use and apply that skill which they really possessed, was for the jury to determine.

There was evidence tending to show that the train was in motion when appellee stepped from the car step to the platform, and that the brakeman called to him not to get off. The brakeman says appellee was then on the last, or next to the last, step. Appellee says the cars were stationary until just as he stepped off, when they started; that he heard some one call to him not to get off, but that he was then in motion and could not stop, being just in the act of leaving the car.

A part of one instruction asked, reads thus: "One who jumps from a train, not to avoid impending peril, but to avoid being carried beyond his station, is guilty of negligence, and can not recover for injuries sustained thereby."

Another reads: "If the jury find that the plaintiff undertook to get off the train after it began to move, he was guilty of contributory negligence, and can not recover."

These instructions call upon us to determine whether

or not it is necessarily negligence *per se* for a passenger to step from a moving car to the platform, however slight the motion may be.

Whatever may be the rule adopted in other jurisdictions, the authority of the decisions in our own State must be held to adjudge the proposition against appellant's contention.

It is only where the facts are undisputed and but one inference can be reasonably drawn therefrom, that the court will adjudge negligence or contributory negligence as a matter· of law. *Cincinnati, etc., R. W. Co.* v. *Grames*, 136 Ind. 39, 34 N. E. Rep. 714, and cases cited; *Citizens' Street R. R. Co.* v. *Spahr*, 7 Ind. App. 23, 33 N. E. Rep. 446, and cases cited.

As early as *Evansville, etc., R. R. Co.* v. *Duncan*, 28 Ind. 441, our Supreme Court, while considering an instruction similar to those under consideration, said: "If the leap was made under such circumstances that a person of ordinary caution and care would not have apprehended danger therefrom, then it was not such an act of carelessness as would relieve the defendant from the responsibility otherwise resting upon it."

In *Jeffersonville, etc., R. W. Co.* v. *Hendricks, Admr.*, 41 Ind. 48 (66), the court makes this declaration concerning the statement of a former decision: " 'It is carelessness in passengers to attempt to leave the train whilst it is in motion.' It seems to us that the above proposition of law was too broadly stated, and should have been qualified."

Again, in *Louisville, etc., R. R. Co.* v. *Crunk*, 119 Ind. 542, it is held that "The fact that a person voluntarily alights from a moving train is not a conclusive presumption of negligence on his part. The rate of speed the train has acquired, the place, and all the circumstances connected with the alighting, are to be taken into

consideration in determining whether or not the person was guilty of negligence on his part in leaving or attempting to leave the train."

This holding is approved and followed in *Pennsylvania Co.* v. *Marion*, 123 Ind. 415.

There is also, outside of our State, abundant authority declaring the same rule.

Thus, in Beach on Cont. Neg., section 147: "As in the case of boarding a railway train in motion, so it is held not contributory negligence *per se* for a passenger to jump off a train which is moving."

In Buswell on Pers. Inj., section 158. "It is not necessarily, as matter of law, negligent for a passenger to enter or leave a moving train, and the question whether it is negligence in a particular case will depend upon the circumstances of danger attending the act, and the special justification which the passenger had for doing it."

In 2 Am. & Eng. Encyc. of Law, 762, the law is thus stated: "When a passenger, not having been set down or taken up at the station to or from which the railway has contracted to carry him, is injured in the attempt to board or leave a moving train, the railway is liable if the person injured in getting on or off the train did not incur a danger obviously apparent to the mind of a reasonable man."

The principle announced by the Indiana cases is supported, also, by *Little Rock, etc., R. W. Co.* v. *Atkins*, 46 Ark. 423; *St. Louis, etc., R. R. Co.* v. *Cantrell*, 37 Ark. 526; *Edgar* v. *Northern R. W. Co.*, 4 Ont. (Can.) 201; *Leslie* v. *Wabash, etc., R. W. Co.*, 88 Mo. 50; *New York, etc., R. R. Co.* v. *Coulbourn*, 69 Md. 360.

We have not here to deal with a case where the train was in rapid motion, and the authorities referred to by

appellant, which bear upon that proposition, are not applicable.

Neither will the fact that the brakeman warned appellee while on the step, be sufficient to conclusively fix negligence upon him, in the light of his evidence that the warning came too late to be of any service to him.

We are forced to the conclusion that there was no error in refusing the instructions asked.

Judgment affirmed.

Ross, J., concurs in the result.

