No. 1,014.

## THE PENNSYLVANIA COMPANY *v*. HIXON.

RAILROAD.—*Passenger Alighting From Moving Train.—Contributory Negligence.—Personal Injury.*—It is not an act of ordinary prudence for a passenger to leap from a train, in the darkness of night, when the train has passed the proper station and is running at an increasing rate of speed, all of which the passenger was aware of while he was yet upon the platform of the car, and before he had begun to descend the steps for the purpose of alighting.

From the Greene Circuit Court.

*S. O. Pickens*, for appellant.

*D. E. Beem* and *W. Hickam*, for appellee.

REINHARD, J.—Hixon sued the appellant company for damages on account of personal injuries incurred through its alleged negligence, and recovered a verdict and judgment for $2,000. The overruling of its motion for a new trial is the only error upon which the appellant predicates its prayer for a reversal of the judgment. It is insisted that the verdict is not sustained by the evidence, and in this connection it is contended, among other things, that such evidence conclusively shows the appellee to have been guilty of contributory negligence.

The negligence complained of consists in the appellant's failure to stop its train, on which appellee was a passenger, a sufficient length of time to enable appellee to alight in safety at the station to which he had taken passage, and for the further failure to provide the station platform and place where passengers had to get off the train in the night time with sufficient light to enable them to see where to step off safely.

The evidence is somewhat conflicting as to whether

the train actually came to a stop at the appellee's station, but it is agreed that as the train approached said station its motion was gradually decreased until it arrived at the platform, when, after a halt of only a moment or two, if, indeed, it came to a full stop at all, it immediately started again with a gradually accelerating speed. It appears from the appellee's own testimony that when the whistle had been sounded and the station announced, he immediately, in company with a traveling companion, left his seat in the smoking car and proceeded to go out on the front platform of such car, which was the proper place for him to alight. Here he discovered that the train was not standing still, but moving at a rate such as a man would travel "when walking a pretty good walk." He then stepped across upon the rear platform of the baggage car, caught hold of the railing next to the end of such car with one hand, holding a sack filled with bananas in the other, and while the train was moving at a constantly increasing rate of speed, and after it had passed what appellee termed the "landing place," sprang or stepped off, was violently thrown to the ground, and received the injuries complained of.

Thomas Vandeventer, plaintiff's traveling companion, and witness, testified as follows:

"Q. I want to ask you now what was done with reference to getting off at Farmers, just describe what occurred there? A. They run up there and kind of checked, I wouldn't say whether they stopped still or not, if they did we didn't 'get there. As quick as they called the station I started to the steps to get off, I got there, saw they were moving off; the doctor he got by around me, went off down the steps; I spoke to him once not to jump off but he was so far gone he went off.   *   *   *

"Q. Was there any reason why you didn't try to go

ahead down the steps? A. I didn't propose to jump off when the train was moving up."

This testimony, which is uncontradicted, is in our opinion conclusive proof that if the appellant's negligence, as charged in the complaint, may be said to have been a proximate cause of the appellee's injuries, it is equally true that the appellee himself contributed to the unfortunate result by his own inexcusable negligence. We do not assert here that the mere act of a passenger in voluntarily alighting from a moving train is negligence *per se*. Indeed, the contrary has been repeatedly held in our courts. *Louisville, etc., R. R. Co.* v. *Bean*, 9 Ind. App. 240 and authorities there cited. But where, as in the present case, the facts are undisputed, and point conclusively to the negligence of the plaintiff, a verdict can not be upheld. No person exercising ordinary prudence will attempt to leap from a train, in the darkness of night, when such train has passed the proper station, and is running at an increasing rate of speed, of all of which the passenger is apprised while yet upon the platform of the car, and before he begins to descend the steps for the purpose of alighting. The appellee should have remained on the train till it stopped, and if he had been wrongfully carried past his station he was not without his remedy against the carrier. *Toledo, etc., R. R. Co.* v. *Wingate* (Ind. Supr.), 37 N. E. Rep. 274.

The appellant is entitled to a new trial.

Judgment reversed.

Filed Sept. 19, 1894.