## HARRIS v. PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.

[No. 4,718. Filed March 17, 1904.]

RAILROADS.—*Place for Passengers to Alight.*—It is the duty of a railroad company to provide a safe place for its passengers to alight. *p. 602.*

SAME.—*Alighting from Moving Train.*—*Negligence.*—It is not negligence *per se* for a passenger to alight from a moving train. The circumstances and conditions under which he acts must all be considered in determining the fact of negligence, and whether he exercised reasonable and ordinary care is a question for the jury. *pp. 602, 603.*

NEGLIGENCE.—*Contributory.*—*Burden.*—The burden of establishing contributory negligence is on the defendant; and the burden does not shift. *p. 604.*

From Clark Circuit Court; *J. K. Marsh*, Judge.

Action by Lloyd Harris against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment in favor of defendant, plaintiff appeals. *Reversed.*

*W. H. Phipps* and *L. A. Douglass*, for appellant.
*M. Z. Stannard* and *W. H. Watson*, for appellee.

ROBY, J.—In this action appellant sought to recover damages alleged to have been caused by the negligence of appellee, a railroad corporation. He is averred to have been a passenger upon one of appellee's passenger-trains running from Louisville, Kentucky, to Jeffersonville, Indiana. Pearl street, in said last-named city, was a regular stopping place, and was announced by those in charge of the train which stopped to discharge and receive passengers. Appellant avers that he then stepped from the lower step of the rear end of the coach in which he was riding upon the platform provided by appellee for such use. It is further averred that said platform was heavily covered with ice and sleet, which appellee had negligently permitted to remain thereon for a period of ten days prior thereto, failing to re-

move the same, and thereby negligently failing to make said platform reasonably safe for passengers to alight upon; that when stepping from said train he stepped upon such ice and sleet, which caused his feet to slip from under him, inflicting the injuries complained of which are averred to have been the direct result of appellee's said negligence. He further says that he did not know that said ice and sleet were on the platform, and that appellee's servants failed to inform him of the same; wherefore, etc. The issue was formed by a general denial, the cause submitted to a jury, and upon the conclusion of the evidence the court, upon appellee's motion, instructed the jury to return a verdict in its favor.

Appellant's motion for a new trial was overruled, and such action is assigned as error. The only question which need be considered relates to the giving of the peremptory instruction, and that involves a consideration of the evidence. The specific negligence counted upon is that the appellee allowed its platform to be unsafe, by reason of which appellant slipped and fell at the time he alighted from said train. The action of the court in giving the peremptory instruction was based upon the hypothesis that the evidence established contributory negligence, and it is not therefore necessary to consider the evidence except as it relates to that subject.

The testimony of appellant was as follows: "I was sitting about middle ways of the car, and when they stopped I got up and started out to the platform, and as I got to the platform the train kind a moved off, but I started on down the steps, and when I got to the bottom I put my right foot down to the ground, and when I went to put the other foot down my feet both went from under me, and my shoulder went this way. I think the forward end of the second coach struck my shoulder and threw me forward." His further testimony was, in effect, as follows: The platform was dark. It was dark around the place where the cars

stopped. He could see the ground. The ice made him slip. He did not see the ice when he stepped off the coach. "When I came down, the train started to move, and I had my hands on both the handles; and when I got down I put my right foot down, and I stepped with my left, and when I let go my feet went from under me." "You say the train was moving some when you got off? A. Yes, sir. How fast? A. The engine had just started up. About what rate of speed would you say the train was going when you alighted from the train? A. About half a mile an hour. The engine kind a set onto the curve."

There were lights in the train and in the depot, and an electric light in the rear of the train as it stopped, which would ordinarily illuminate the platform, but, owing to the train standing between it and the platform, did not do so at this time; the place where the appellant alighted being in the shadow so made, which extended four feet from the train. He knew that the streets and unprotected places in Jeffersonville were covered with ice and sleet. He was familiar with the locality and with appellee's train service. There was no roof over the platform. He could have alighted at the Wall street station, 600 feet further on. The point where appellant fell was about fifteen or twenty feet east of the station building. It was in evidence that on three occasions during that "icy spell" one of appellee's employes spread ashes on the platform. It was the duty of appellee to provide a safe place for its passengers to alight. *Illinois Cent. R. Co.* v. *Cheek,* 152 Ind. 663, and cases cited; *Louisville, etc., R. Co.* v. *Lucas,* 119 Ind. 583, 6 L. R. A. 193; *Pennsylvania Co.* v. *Marion,* 123 Ind. 415, 7 L. R. A. 687, 18 Am. St. 330; *Lucas* v. *Pennsylvania Co.,* 120 Ind. 205, 16 Am. St. 323.

The appellee's first contention is "that a passenger who voluntarily alights from a moving train is guilty of contributory negligence." The contention can not be approved. It is not negligence *per se* for a passenger to alight from a

moving train. *Louisville, etc., R. Co.* v. *Crunk,* 119 Ind. 542, 12 Am. St. 443; *Pennsylvania Co.* v. *Marion, supra; Louisville, etc., R. Co.* v. *Bean,* 9 Ind. App. 240. The circumstances and conditions under which he acts must all be considered in determining the fact, and whether he exercised reasonable and ordinary care is a question for the jury. The exception being found only when the act is of such a character as to admit of but one inference. The speed at which the train is moving is an essential and important circumstance. If a passenger were deliberately to leap from a train running sixty miles an hour between stations it would be impossible to justify such an act as that of a reasonably prudent man, but such conclusion would be deduced not from the mere act of alighting from a moving train, but from the act of alighting from a train so moving and under such conditions. Each case must be determined upon its own facts, which of necessity vary greatly. *Louisville, etc., R. Co.* v. *Crunk, supra; Louisville, etc., R. Co.* v. *Bean, supra; Pennsylvania Co.* v. *Marion, supra; Cincinnati, etc., R. Co.* v. *Revalee,* 17 Ind. App. 657.

In the case of *Toledo, etc., R. Co.* v. *Wingate,* 143 Ind. 125, the conditions surrounding plaintiff's attempt to alight from the train were such, aside from the movement thereof, as to show contributory negligence on her part, when considered in connection therewith. The train in *Reibel* v. *Cincinnati, etc., R. Co.,* 114 Ind. 476, was running at a high rate of speed. The decedent was found to have jumped from the train moving six miles an hour in order to avoid being carried past the station. The rule announced by the court was that a passenger must not attempt to get on or off a moving train if it be obviously dangerous to make the attempt.

Considering the slow movement of the train, that it had been stopped at a platform for the purpose of discharging passengers who were thereby invited to alight, appellant's lack of information as to the dangerous condition of the

platform, the duty of appellee to keep the same in a safe condition, the situation of the lights, appellant's right to assume that appellee had discharged its duty in keeping the platform in a 'safe condition, and the other circumstances in the case heretofore set out, the question was clearly 'one for the jury. *Pennsylvania Co.* v. *Marion, supra; Louisville, etc., R. Co.* v. *Lucas, supra;* Thompson, Negligence (2d ed.), §3015.

It is contended on the one hand that the sole cause of appellant's fall was the icy platform; that he had left the train, and that its motion had nothing to do with his fall. On the other hand, that the allegations of the complaint limit recovery to an injury received while alighting from the train, and that the proximate cause of the fall was the negligent act of alighting from a moving train. The negligence counted upon related to the unsafe condition of the platform. If the injury was caused by leaping from a moving train in the dark, the allegation would be unproved, and there could be no recovery, irrespective of contributory negligence. The question of proximate cause was therefore in issue. If the judge was authorized to decide that issue in appellee's favor, the binding instruction was justified, but the issue was not one of law. It was an issue of fact, to be determined as other issues of like character. *Chicago, etc., R. Co.* v. *Martin,* 31 Ind. App. 308. The burden of establishing contributory negligence was on appellee. §359a Burns 1901. This burden did not shift. The evidence was sufficient to take the cause to the jury.

Reversed, and cause remanded, with instructions to sustain motion for a new trial, and for further proceedings not inconsistent herewith.