ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY Co. *v.* RUSH.

Opinion delivered May 25, 1908.

1. CARRIERS—CONTRIBUTORY NEGLIGENCE IN ALIGHTING FROM TRAIN.—
Where a passenger left her seat upon her station being called, and
stepped down on the steps when the train had either stopped or was
moving very slowly, and was thrown off and killed by a sudden
movement of the train, the question whether she was guilty of con-
tributory negligence was properly submitted to the jury. (Page 327.)

2. SAME—NEGLIGENCE IN MOVING TRAIN SUDDENLY.—While a railway
company is negligent in starting a train suddenly without warning
after a station has been called and the train brought to stop, it is
not negligent in suddenly increasing the speed of a train which is
moving slowly, unless a passenger is seen to be in a position of dan-
ger. (Page 328.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge;
reversed.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

1. The announcement of a station is not an invitation to
passengers to alight. 76 Ga. 333; 88 Ala. 538; 92 *Id.* 237; 97
*Id.* 332; 15 Lea. (Tenn.) 254. The stopping of the train after
station was called was not the proximate cause of the injury.
68 Pac. 1037. No recovery can be had where the passenger is
at fault. 39 S. E. 427; 113 Ga. 1021; 139 Fed. 543.

2. Plaintiff was guilty of contributory negligence as a mat-
ter of law in attempting to get off a train in motion situated as
she was. 37 Ark. 526; 46 *Id.* 423; 96 S. W. 562; 54 Ill. 135;
86 *Id.* 467; 78 *Id.* 88; 39 So. 767; 116 Ill. App. 507; 77 N. E.
569; 51 Atl. 83; 94 Md. 226; 46 S. E. 12; 56 Atl. 545; 55
*Id.* 545; 204 Pa. 474; 34 So. 110; 44 S. E. 1005.

3. It was error to let the jury pass on the question as to
what a prudent person would have done. 69 Ark. 489.

4. Rush's testimony was hearsay. 61 Ark. 52.

5. Verdict is excessive. 57 Ark. 377.

*McMillan & McMillan, J. D. Conway* and *W. H. Arnold,*
for appellee.

1. Carriers of passengers must be extremely careful not
to mislead passengers into the belief that the halting of a train
is meant as an invitation to alight; and if the conduct of the
servants reasonably may produce that impression, and the pas-

senger so understand it and is injured, the carrier is liable. 83
Ark. 217; 78 Ind. 203; 3 A. & Eng. Rd. Cases, 436; Thompson
on Negl. § 2881; 7 L. R. A. 323; 88 Ala. 538; 76 Ga. 770; 66
N. Y. 642; 44 Ark. 322; 96 S. W. 109, 653; 99 *Id.* 28.

2. It is not negligence *per se* for a passenger to leave a
moving train. 46 Ark. 437; 37 *Id.* 526; 135 Mass. 21; 4 Ont.
Rep. 201; 16 A. & E. Rd. Cases, 347. It is a question for the
jury. 71 N. Y. 489; 79 Ark. 335; Hutch. on Carriers, (3 Ed.)
§ 1123; 82 Ark. 504; 67 *Id.* 531; 147 U. S. 571; 83 Ark. 22.

3. Veerdict not excessive. Kirby's Digest, § 6288; 4 Suth-
erland on Damages, § 1266; 1 Joyce on Damages, § 580; 102
Mo. 669; 22 Am. St. 800; 47 *Id.* 390; 57 Ark. 320; 60 Ark.
550; 76 *Id.* 184.

Hill, C. J. Mrs. Rush, wife of the plaintiff, who is ap-
pellee here, with her little daughter, six years old, took passage
on a train of the appellant company at Arkadelphia, destined to
Texarkana. She had never traveled on a railroad train before,
and was exceedingly nervous and apprehensive during her
journey. Before the train reached Texarkana, the ordinary no-
tification in the coach was given, and Mrs. Rush was assured
by the conductor and porter that they would help her off the
train; but when the train was approaching the station the pas-
sengers left the car in which she was riding and went forward to
debark from a forward car. Mrs. Rush evidently became ner-
vous over this situation, and went forward with her child, and,
finding the trap door to the vestibule open, and the train either
stopped or running very slowly, descended upon the steps, evi-
dently fearing that she was about to be carried beyond the sta-
tion, and while there fell or was thrown by the movement of the
train, and was instantly killed. This action was brought by her
husband, and he recovered a verdict for $5,000, upon which judg-
ment was entered, and the railroad company has appealed.

The case turns upon the correctness of the fourth and sixth
instructions, which sum up the evidence upon which the plain-
tiff sought to recover, and which are as follows:

"4. If you find from the evidence that the train on which
Mrs. Rush was a passenger was approaching Texarkana, her
destination, the employees of the defendant announced the name
of the station in the customary manner and opened the door

and raised the platform which formed and closed up the vestibule between the coach in which Mrs. Rush was a passenger and the coach next to it, and that thereupon the train slowed down, and that Mrs. Rush, believing that Texarkana had been reached and that the train was slowing down to stop at the station, left her seat and went to the door of the coach, and while the train was moving very slowly stepped down on the steps to be in readiness to step off when the train should fully stop, and that, instead of stopping fully, the train moved suddenly forward without notice or warning, in consequence of the negligent act of the employees of the defendant, and she was thereby thrown under the train and run over and killed, it would be for the jury to say, under all the facts and circumstances of the case shown in the evidence, whether the conduct of Mrs. Rush caused or contributed to her death. And, if you further believe that Mrs. Rush did, under the circumstances, what an ordinary prudent person would have done, then she was not guilty of contributory negligence, and plaintiff would be entitled to recover.

"6. If you find from the evidence that the deceased was a passenger on the defendant's road from Arkadelphia to Texarkana, and that when the train was approaching Texarkana the employees announced the name of the station in the customary manner, and that after passing the city limits the train came to a stop before it reached the depot, and the deceased went from her seat in the coach to the platform and steps of the car under such circumstances as would lead a reasonably prudent person to believe, and she did believe, that the train had stopped for passengers to Texarkana, and that she acted as a reasonably prudent person, and that in attempting to get off the train moved suddenly forward without sufficient time for her to alight, and that by reason thereof she was thrown from the steps of the car, then you will find for the plaintiff."

There was evidence to sustain the verdict based upon these instructions, and the question is, whether these instructions correctly state the law.

This court is fully committed to the doctrine that boarding or alighting from moving trains ordinarily presents the question of fact as to contributory negligence, to be determined by the

jury under the facts of each case, and that it is not necessarily negligence *per se* to do so. *Little Rock & F. S. Ry. Co.* v. *Atkins,* 46 Ark. 423; *St. Louis, I. M. & S. Ry. Co.* v. *Cantrell,* 37 Ark. 519; *St. Louis, I. M. & S. Ry. Co.* v. *Leamons,* 82 Ark. 504; *Ark. Cent. Rd. Co.* v. *Bennett,* 82 Ark. 393.

It was therefore proper to submit to the jury whether or not Mrs. Rush was guilty of contributory negligence in attempting to alight from a moving train, and in a proper case the finding of the jury upon that subject would be conclusive. But there is error in the 4th instruction in assuming that the railroad company was guilty of negligence in moving the train suddenly forward without warning before reaching the station. There was no invitation to the passengers to alight until the train had stopped. They were not justified in being upon the steps of the coach before the train had come to a stop. If Mrs. Rush went to the steps of the coach before the train stopped, and was standing upon the steps while it was still moving, and a sudden movement of the train was made, there can be no negligence of the company predicated upon this movement; for it can not be assumed by the train operatives that passengers would be in such a position on the steps of the cars that they would be thrown from the steps by any sudden movement of the train before it came to a stop at the station. If the train had come to a stop, and had not remained long enough for the passengers to debark, and she was about to be carried beyond the station, or the circumstances indicated that she would be carried beyond the station, then negligence might be predicated upon such movement. But this instruction is not based on that theory, but on the one that any sudden movement of the train before it reached the station which might dislodge a passenger on the steps is negligence. The company could move its trains as it saw proper, so long as such movements were not calculated to injure passengers who were in their proper places or in such places and positions as would naturally be expected of careful passengers, but it owed no duty to passengers who may have been riding upon the steps of the coaches while the train was running into a station, and before it reached the stopping place, unless they were seen there and their perilous positions discovered. If the fourth instruction had been like the sixth instruc-

tion, and only permitted a recovery upon the theory that the train had stopped, then the recovery should be sustained. But there was testimony of two witnesses upon this point, and one seemed to think that the train had stopped, and the other that it had not quite come to a stop; and evidently the fourth instruction was based upon the latter theory, and the sixth upon the other theory.

For error in giving the fourth instruction the cause is reversed and remanded.