## CROTY v. PULLMAN CO.

Circuit Court of Appeals, Seventh Circuit.
April 19, 1928.

No. 3863.

1. Carriers ⬅413(4)—Passenger, injured in descending from upper berth, held contributorily negligence as matter of law for holding clothes and grip in one hand.

In action against Pullman Company for injuries in fall from upper berth, when porter failed to bring ladder, passenger, who attempted to descend while holding clothes and grip in one hand, held, guilty of contributory negligence as matter of law, barring recovery.

2. Appeal and error ⬅927(7)—Court, reviewing directed verdict for defendant, views evidence most favorably to plaintiff.

In reviewing directed verdict for defendant, Circuit Court of Appeals must view evidence most favorably to plaintiff.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Action by C. W. Croty against the Pullman Company. Judgment for defendant, and plaintiff brings error. Affirmed.

George B. Hudnall, of Milwaukee, Wis., for plaintiff in error.

J. G. Hardgrove, of Milwaukee, Wis., for defendant in error.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiff sued to recover damages for injuries received due to the alleged negligence of the defendant. At the close of the trial, the court directed a verdict in favor of defendant. From the judgment which followed, plaintiff prosecuted this writ of error.

Plaintiff, a lawful passenger on a Washington to Chicago train, occupied an upper berth in one of defendant's sleeping cars. In the morning about 6 a. m. central time, when approaching Ft. Wayne, Ind., he concluded to arise and rang for the porter. He received no response and, after waiting a minute or two, rang again. There was no response and, after another short wait, he rang a third time. No porter appeared. Plaintiff then partially dressed, looked out to call the porter. The porter had gone to the dining car for his breakfast. Whereupon plaintiff attempted to descend from his berth without the aid of a ladder and fell, dislocating his left shoulder.

Plaintiff was 56 years of age, weighed about 175 pounds, and was 5 feet 8 inches tall. He testified:

"I have ridden in Pullman cars for years and frequently in upper berths. To my recollection I have never gotten out of an upper berth without a ladder. * * * When I undertook to get out of the upper berth, the man below me was already up. * * * I took hold of the rod and grabbed my grip, and then swung around and took hold of the curtain rod with my left hand and with my knuckles toward the aisle. In my other hand,

I had a shirt, a coat, and a grip. I took hold of the rod with my left hand and swung down there—let myself out and swung into the aisle. The grip was a 16-inch bag. There was not much in it. In getting down I faced the berth; swung my feet off the top berth, and let myself down. I had hold of the bar this way, picked up my shirt and grip, and sat on the edge, and just let my feet drop off right down in front of me. I was facing the berth this way and sliding down on that berth. I was facing the berth when I went down. I was trying to catch the arm of the lower berth with my toe."

Repeating the story, he said:

"I had hold of the rod like this; the rod was overhead. My right hand was to the aisle. When I got ready to get out, I placed my grip and other belongings near the edge of the berth on the aisle side. I then clasped the curtain rod with my left hand, the back of my hand being towards the aisle. * * * Then I picked up my grip and other belongings with my right hand and swung myself out over the edge of the berth, * * * supporting myself with my left arm entirely. It was my expectation that I would catch the arm at the head of the lower berth with my toes of one or both of my feet; with my left probably. I had never gotten out of an upper berth without a ladder to my recollection. I did not use my right hand at all in helping me to get out. I depended entirely on my left hand. I picked up my belongings with my right hand. I could not swear positively how I missed my footing on the arm of the berth below, whether it was the lurch of the train or not. I should judge it was the lurch of the train; I was sliding right straight down. * * * I do not think it was an extraordinary lurch. * * * As I missed my footing on the arm of the lower berth, it left me suspended with my feet some distance above the floor, and broke my hold, and I fell to the floor right against the grip, and the upper front part of my left hip fell against the edge of the lower berth."

[1] The judgment must be sustained if, from this testimony, we must say plaintiff was guilty of contributory negligence as a matter of law.

Defendant does not, and we presume could not successfully, argue that plaintiff was guilty of contributory negligence because he descended from an upper berth without a ladder. Plaintiff fairly argues that, after numerous calls for the porter, he was justified in descending without the assistance of a porter or of a ladder.

But obviously that operation could not be undertaken without regard to his personal safety. For instance, had he rolled out, or leaped out head foremost, he could hardly contend that he was free from contributory negligence. On the other hand, had he, being in normal health, strength, and weight, taken both his hands and seized the rod available, a jury would have doubtless found that he was in the exercise of ordinary care. At least, it would have been for the jury, not the court, to determine whether he was guilty of any contributory negligence.

But the facts in the instant case narrow the issue decidedly. We must consider the effect of plaintiff's taking his grip and clothes in one hand and using only the other, the left hand, to hold his weight when he swung out of the berth. There was nothing to prevent his using both hands. Nor can we find any reason why he should add to his own weight the poundage of the grip and clothes.

Decisions which deal with the contributory negligence of a passenger on a train, who handicaps himself by carrying in one hand a grip or other article, which makes it impossible for him to use both hands, while not directly in point, are somewhat enlightening. See Murray v. Southern Pac. Co., 236 F. 704, 150 C. C. A. 36; Hunter v. Louisville & Nashville Railroad Co., 150 Ala. 594, 43 So. 802, 9 L. R. A. (N. S.) 848; Cosgrove v. Consolidated Ry. Co., 80 Conn. 717, 68 A. 249; Dunning v. Lake Erie & W. R. Co., 38 Ind. App. 91, 77 N. E. 1049.

[2] Viewing the evidence most favorably to the plaintiff, as we should upon a motion of this kind (N. Y., Chicago, & St. Louis R. R. Co. v. Slater, 23 F.[2d] 777), we think, nevertheless, he must be chargeable as a matter of law with a want of ordinary care, which contributed to produce the injury of which he complains.

The judgment is affirmed.